IN THE SUPREME COURT OF THE STATE OF DELAWARE

RICHARD DEAN PHIPPS,           §
                               §
        Defendant Below,        § No. 679, 2014
        Appellant,              §
                               §
        v.                      § Court Below:  Superior Court
                               § of the State of Delaware,
STATE OF DELAWARE,              § in and for Sussex County
                               § Cr. ID No. 9406006950
        Plaintiff Below,        §
        Appellee.               §

Submitted:  March 11, 2015
Decided:    April 7, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VAUGHN**, Justices

# **O R D E R**

This 7th day of April 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Richard Dean Phipps, filed this appeal from the Superior Court's denial of his second motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61").  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Phipps' opening brief that his appeal is without merit.[1]  We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2)    In January 1995, a Superior Court jury found Phipps guilty of Unlawful Sexual Intercourse in the First Degree and Endangering the Welfare of a Child after hearing testimony that Phipps forced his nine-year old son to perform fellatio on him.  Phipps was sentenced to forty years of Level V incarceration, suspended after thirty years for decreasing levels of supervision.  On direct appeal, this Court affirmed the Superior Court's judgment.[2]

(3)    In February 1999, Phipps filed his first motion for postconviction relief under Rule 61.  Phipps identified twelve grounds for postconviction relief, including error by the Superior Court, ineffective assistance of counsel, police misconduct, and prosecutorial misconduct.  To support his claims that his son was coerced, suggestible, and unreliable, Phipps amended his postconviction motion to include a school psychologist's 1993 report on his son reflecting that his son had learning disabilities and low average overall cognitive ability.  After receiving the affidavit of Phipps' former counsel, the Superior Court denied Phipps' motion for postconviction relief.

(4)    In November 2014, Phipps filed his second motion for postconviction relief.  Phipps also filed a motion for appointment of counsel and a motion for an evidentiary hearing.  In his second motion for postconviction relief, Phipps raised or restated many of the claims contained in his first motion for postconviction

_____

[2] *Phipps v. State*, 1996 WL 145739 (Del. Feb. 16, 1996).

2

relief. Phipps also asserted actual innocence based on his statements to police and his counsel, the 1993 psychological report on his son, and an April 18, 1994 police report provided to his counsel at the beginning of trial. The Superior Court concluded that Phipps' claims were procedurally barred under Rule 61 and denied the motion for postconviction relief.

(5) On appeal, Phipps argues: (i) his claims are not procedurally barred under Rule 61 because he pled a colorable claim of a miscarriage of justice based on newly discovered evidence of his actual innocence; (ii) his counsel was ineffective; (iii) the Superior Court erred in not holding a hearing under 11 *Del. C.* § 3507 and 11 *Del. C.* § 3508 on the reliability and voluntariness of his son's statements; (iv) the prosecution violated *Brady v. Maryland*[3] by failing to turn over a police report until the beginning of trial; and (v) the Superior Court erred in denying Phipps' request for preparation of transcripts in this appeal.

(6) We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[4] The procedural requirements of Rule 61 must be considered before any substantive issues are addressed.[5] Rule 61(d)(2) provides:

---

[3] 373 U.S. 83 (1963).

[4] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

3

(2) *Second or subsequent postconviction motions*. A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:

(i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

(ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[6]

Unless Phipps satisfied Rule 61(d)(2)(i) or 61(d)(2)(ii), his second motion for postconviction relief was subject to summary dismissal.

(7)     Phipps has not pled a claim that satisfies Rule 61(d)(2)(i) or Rule 61(d)(2)(ii). The new evidence Phipps relies upon—the 1993 psychological report on his son and an April 18, 1994 police report provided to his counsel at the beginning of trial—is not new and does not create a strong inference of Phipps' actual innocence. Phipps included the 1993 psychological report in the motion to amend his first motion for postconviction relief and stated in the motion that the report was available before trial. The April 18, 1994 police report was provided to Phipps' counsel at trial. Phipps complains that he did not see the report until weeks after trial, but that still means he had the report in 1995.

(8)     As to the content of these reports, the learning disabilities and low average overall cognitive ability of Phipps' son discussed in the 1993

---

[6] Super. Ct. R. 61(d)(2) (2014).

psychological report do not create a strong inference of Phipps' actual innocence. Based on references in the April 18, 1994 crime report to Phipps' son being with his friends before Phipps called him back to the bedroom and forced him to perform fellatio, Phipps claims these children "could have possibly testified accused did not call noone [sic] to the bedroom."[7] Phipps also claims that the timeline of events set forth in the report (his son initially told his aunt that he saw his father having sex with other women after a daycare reported the son was engaging in sexually inappropriate behavior and then later stated that his father forced him to perform fellatio) supports his theory that his son lied in order to avoid angering his aunt. This speculation does not create a strong inference of Phipps' actual innocence. We therefore conclude that the Superior Court did not err in denying Phipps' second motion for postconviction relief.

(9) We also conclude that the Superior Court did not err in denying Phipps' request for transcripts at State expense. Absent a showing of good cause, it was within the Superior Court's discretion to deny Phipps' request for transcripts at State expense.[8] Given that resolution of this appeal depended on the record before the Superior Court on Phipps' second motion for postconviction relief, the

---

[7] Appellant's Opening Brief at 7.

[8] *Miller v. State*, 2008 WL 623236, at \*2 (Del. Mar. 7, 2008) (citing *United States v. MacCollom*, 426 U.S. 317, 325-26 (1976)).

Superior Court did not err in denying Phipps' request for transcripts at State expense after his second motion for postconviction relief was denied.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice